IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Garron LaDon Norris, | ) | C/A No.: 1:18-2261-MGL-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Director Brian Sterling; Warden Joyner; and Major Ray, in their official capacities, | ) | ORDER |
| Defendants. | ) | |

Garron LaDon Norris ("Plaintiff"), proceeding pro se and in forma pauperis, brought this civil rights action alleging a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's motions for appointment of counsel. [ECF Nos. 4, 13].

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motions has not shown that any exceptional circumstances exist in this case. Rather, he simply states that he is uneducated and takes medication for mental illness.

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's requests for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) are denied.

IT IS SO ORDERED.

February 28, 2019  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge